UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICHOLAS DYKES,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>NAPH CARE MEDICAL BILLING, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:20-cv-00312-MMD-WGC<br><br>ORDER |

*Pro Se* Plaintiff Nicholas Dykes, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. The Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

**I.　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the

violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     SCREENING OF COMPLAINT**

In the Complaint, Plaintiff sues multiple Defendants for events that took place while he was in the custody of the Washoe County Jail. (ECF No. 1-1 at 1.) Plaintiff sues Naph Care, Inc, Naph Care Medical Billing, Washoe County Staff, Washoe County Jail Med, Washoe County Sheriff's Office, Washoe County Health Inspector, and Washoe County Health Department.[1] (*Id.* at 1-3.) Plaintiff alleges three counts and seeks injunctive relief and monetary relief. (*Id.* at 6, 9.)

**A.     Washoe County Jail Staff**

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal

---

[1]The Defendants Plaintiff lists in the caption do not match the Defendants Plaintiff wrote in the spaces provided in the form for plaintiffs to fill in the names of Defendants. (ECF No. 1-1 at 1-3.) If Plaintiff chooses to amend his complaint, the amended complaint should not list Defendants in the caption that are not named as Defendants within the complaint form.

3

participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Therefore, "Washoe County Jail Staff" cannot be held liable as a collective unit.

Furthermore, as a general rule, allegations against unnamed or "Doe" individuals are not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the Court recognizes that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* Therefore, if a plaintiff adequately describes a Doe defendant so that the identity of that particular person can be identified through discovery *and* if the plaintiff alleges specific acts by that particular Doe defendant that states a colorable claim against that Doe defendant, then the Court later will permit the plaintiff to engage in discovery to attempt to learn the name of that particular Doe defendant. *Id.* at 642-43. A complaint cannot be served on a Doe defendant. Therefore, once a plaintiff learns the identity of the Doe defendant, the plaintiff would have to move to substitute the person's real name. A case cannot proceed without a named defendant being served.

Here, Plaintiff collectively sues staff. This is insufficient to state a claim against a Doe defendant. If Plaintiff wishes to pursue a claim against a particular staff member, he must sue each particular person and state a claim against that particular person. If Plaintiff does not know that person's name, he must adequately describe that particular person and state a claim against that particular person.

**B.     Count 1**

Plaintiff alleges the following in Count 1. On April 9, 2020, Unit 8 of the Reno County Jail became flooded. (ECF No. 1-1 at 4.) Officer Renville turned off the water to all cells for 20 to 30 minutes while the flood water was cleaned up. (*Id.*) Plaintiff was without water during this time. (*Id.*) When Officer Renville turned the water back on, dark brown water came out of the sink. (*Id.*) Plaintiff immediately got the officer's attention. (*Id.*) The officer

4

saw the brown water and told Plaintiff to let the water run. (*Id.*) The officer did not care about Plaintiff's health. (*Id.*) One day later, Plaintiff became sick from drinking the water and had headaches, stomach aches, and diarrhea. (*Id.*) Plaintiff wrote medical kites, but it took 7 days to be seen and "they" charged him. (*Id.*) Based on this alleged conduct, Plaintiff alleges that his Eighth Amendment rights were violated. (*Id.*)

A pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment Cruel and Unusual Punishment Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971). Because it appears that Plaintiff is a pre-trial detainee, the Court construes the allegations as Fourteenth Amendment due process claims against the Washoe County Sheriff's Department and "Washoe County Jail Med."

A pretrial detainee states a Fourteenth Amendment conditions of confinement claim against an official if: (1) the defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016); *see also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). With respect to the third element, the defendant's conduct must be objectively unreasonable, a determination that turns on the facts and circumstances of each particular case. *Id.*

However, a public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791–92 (9th Cir. 1995). Pursuant to Federal Rule of Civil Procedure 17(b), the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See, e.g., Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). In Nevada, each

city and county are political subdivisions of the state and independent legal entities, which means each city and county can sue or be sued. *Clark County v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); NRS 41.031(2). Here, however, Plaintiff has not sued Washoe County. He has sued the Washoe County Sheriff's Office and "Washoe County Jail Med." The Washoe County Sheriff's Office and its medical department may not be sued. *See Orth v. Balaam*, No. 3:06-CV-0481-LRH RAM, 2011 WL 1561423, at *5–6 (D. Nev. Feb. 4, 2011), *report and recommendation adopted*, No. 3:06-CV-00481-LRH, 2011 WL 1558678 (D. Nev. Apr. 25, 2011), *aff'd,* 528 F. App'x 723 (9th Cir. 2013). The Court therefore dismisses the claims against the Washoe County Sheriff's Office and the "Washoe County Jail Med" with prejudice, as amendment would be futile.

If Plaintiff wishes to file an amended complaint against Washoe County, he must name Washoe County as a defendant and state a colorable due process claim against Washoe County based on a theory of municipal liability. A municipality may not be held liable under § 1983 on a *respondeat superior* theory, which means that a municipality may not be held liable merely because its employees have violated someone's civil rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Municipalities may not be held liable under § 1983 unless action pursuant to municipal custom or policy caused a constitutional tort. *Id.* There must be a deliberate custom or policy, and that custom or policy must cause the alleged constitutional deprivation. *Castro*, 833 F.3d at 1075. Furthermore, the plaintiff must also show that the custom or policy was adhered to with deliberate indifference to the prisoners' constitutional rights. *Id.* at 1076. The deliberate indifference standard for municipalities is an objective inquiry into whether the facts available to the municipal policymakers put them on constructive notice that the particular conduct or omission is substantially certain to result in the violation of constitutional rights. *Id.*

Merely including a conclusory allegation that there is a custom or policy is insufficient. *Iqbal*, 556 U.S. at 680–81. For example, a plaintiff must go beyond bare assertions and plead facts sufficient to show that there is a policy and what the policy is.

*Id.* at 678–81. In order to adequately allege a custom, a plaintiff must allege facts sufficient to show a longstanding practice that constitutes the standard operating procedure of the local government entity. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "The custom must be so 'persistent and widespread' that it constitutes a permanent and well settled city policy." *Id.* (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

If Plaintiff does not believe that he can prove a municipal claim against Washoe County, but he believes that he can prove a conditions of confinement claim against an individual person at the Washoe County Sheriff's Department, then he must sue that particular person and he must allege facts sufficient to show that the particular person violated his Fourteenth Amendment rights.

### C.   Count 2

Plaintiff alleges the following in Count 2. During the COVID-19 pandemic, Donald Trump granted relief for rent, health care, unemployment, and various financial strains to United States citizens and non-citizens. (ECF No. 1-1 at 5.) Plaintiff, a citizen of the United States, has been denied these same rights that all American citizens are being granted. (*Id.*) Being incarcerated should not exclude Plaintiff from receiving financial relief. (*Id.*) During this period, inmates are being charged by the Washoe County Sheriff's Office for food, clothing, and room and board while being incarcerated at the Washoe County Jail. (*Id.*) Plaintiff does not understand why inmates are being charged for health care and medical. (*Id.*) People incarcerated at the Washoe County jail are not in a position to maintain financial stability from jail. (*Id.*) Overcharging them is "hypothetical." (*Id.*) Plaintiff asserts that he is not in a position to be financially stable because of the COVID-19 pandemic. (*Id.*) Plaintiff does not identify what particular civil right was violated, stating instead that he seeks relief from being charged for medical services as he is an inmate. (*Id.*)

Plaintiff appears to be alleging a Fourteenth Amendment equal protection claim based on allegations that there are Americans who are receiving some government benefits to address issues related to the COVID-19 epidemic but inmates such as Plaintiff are not.[2] However, Plaintiff does not allege how any of the Defendants in this action are responsible for a federal policy that treats prisoners and non-prisoners differently. Furthermore, Plaintiff cannot state a colorable equal protection claim based on allegations of differential treatment between prisoners and non-prisoners. Prisoners are not a suspect class for purposes of the Fourteenth Amendment's Equal Protection Clause. *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999); *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999). For a person who is not a member of a suspect class to state a colorable equal protection claim, the plaintiff must allege facts sufficient to show that he is similarly situated to others, but the defendant irrationally singled the plaintiff out for different treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Inmates generally are not similarly situated to non-inmates. *See Parks v. Chappell*, No. C-13-4048 EMC (PR), 2014 WL 2811114, at *2 (N.D. Cal. June 20, 2014); *Levingston v. Plummer*, No. C 94-4020 VRW, 1995 WL 23945, at *1 (N.D. Cal. Jan. 9, 1995). For example, the reason Plaintiff cannot currently obtain a job in the community is because he is incarcerated. Plaintiff therefore does not and cannot state a colorable equal protection claim. Accordingly, the Court dismisses the equal protection claim with prejudice, as amendment would be futile.

**D.     Count 3**

In Count III Plaintiff alleges the following. At the Washoe County Jail, inmates were briefed by the captain at the end of March and were told that the COVID-19 virus was not in the facility. (ECF No. 1-1 at 6.) In April, a staff member was on the news about having COVID-19. (*Id.*) During that time, staff was not wearing masks or gloves when they came in contact with inmates. (*Id.*) On May 4, 2020, Plaintiff started to notice bio-hazard bags

---

[2]To the extent Plaintiff is alleging that it is cruel and unusual punishment merely for a Defendant to charge him a fee for health services that the Defendant has provided to Plaintiff, he does not and cannot state a colorable claim. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985).

containing property belonging to inmates housed in his unit. (*Id.*) "Washoe County or Nevada" is not giving inmates testing unless the person is showing symptoms of the virus. (*Id.*) Plaintiff has seen very few staff wearing masks or "hepa" filters. (*Id.*) Plaintiff is being housed with people who have the potential to infect him. (*Id.*) Plaintiff feels unsafe in a place where he is supposed to feel safe, and he is scared of being infected by others. (*Id.*) Plaintiff does not identify which constitutional right he believes is being violated but concludes that he is being given false information or no information about COVID-19 testing at Washoe County Jails and being forced to be exposed to COVID-19. (*Id.*)

The Court construes the allegations as a Fourteenth Amendment due process claim based on conditions of confinement. For a discussion of the relevant legal standards concerning such claims, *see supra* Section II.B.

The Court finds that Plaintiff fails to state a colorable due process claim against any of the named Defendants. Merely being given false information is not a constitutional violation. Furthermore, although Plaintiff alleges that "Washoe County or Nevada" is not testing asymptomatic inmates, he has not sued either Washoe County or the State of Nevada.[3] He also has not alleged facts sufficient to show a policy concerning gloves, masks, or testing. More importantly, he has not alleged facts sufficient to show that any named Defendant has participated in the violation of Plaintiff's Fourteenth Amendment rights. The Court therefore dismisses this count without prejudice and with leave to amend.

If Plaintiff amends this claim, he must sue the proper defendant. If he chooses to sue Washoe County, he must allege *facts* sufficient to establish a municipal theory of liability for the violation of his Fourteenth Amendment rights.

The Court notes that Plaintiff has not alleged that he has contracted the virus as a result of any policy or conduct concerning gloves, masks, or testing, so he cannot establish liability for compensatory damages under *Castro*, 833 F.3d at 1071. However, concern

---

[3]The state of Nevada is not subject to suit in a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons subject to suit for purposes of § 1983).

about the health of a person in state custody is not limited to situations in which a prisoner already has been harmed. *See Helling v. McKinney*, 509 U.S. 25, 33, 35 (1993) (recognizing that prison officials may be considered deliberately indifferent to the exposure of inmates to a serious, communicable disease even if the complaining inmate shows no serious current symptoms, and noting that prison officials may not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year"); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (recognizing that one does not have to await the consummation of threatened injury to obtain preventive relief for deliberate indifference to unsafe conditions). In the Eighth Amendment context, the Supreme Court has held that a prisoner who is not currently suffering from serious medical needs may state a claim by alleging facts sufficient to show that defendants are, with deliberate indifference, exposing him to conditions that pose an unreasonable risk of serious damage to his *future* health. *Helling*, 509 U.S. at 35. Thus, in the context of a pretrial detainee, the issues are whether the defendant made a deliberate decision regarding the plaintiff's conditions of confinement and whether the defendant is failing to take reasonable available measures to abate a substantial risk of serious harm even though a reasonable official in the circumstances would appreciate the high degree of risk involved. If the court finds that a defendant is being deliberately indifferent to an ongoing significant risk of serious harm to future health, it may grant appropriate injunctive relief tailored to the violation. *Farmer*, 511 U.S. at 846.

Thus, if Plaintiff chooses to amend this count, he must keep in mind the legal standards concerning municipal liability, policies, and claims concerning ongoing Fourteenth Amendment conditions of confinement violations, and he must alleged facts sufficient to state a claim against a defendant he sues in the amended complaint.

### E.    Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended

complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." For each cause of action and *each* Defendant, he must allege facts sufficient to show that the *particular* defendant violated Plaintiff's civil rights. The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff does not timely file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim.

**III.   CONCLUSION**

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Nicholas Dykes, # 2002884 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Washoe County Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate

Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk will send a copy of this order to the Washoe County Detention Facility Accounting Supervisor, 911 Parr Blvd., Reno, NV 89512.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the Clerk of the Court will file the Complaint (ECF No. 1-1) and will send Plaintiff a courtesy copy of the Complaint.

It is further ordered that the counts against the Washoe County Sheriff's Office and Washoe County Jail Med are dismissed with prejudice, as amendment would be futile.

It is further ordered that Counts 1 and 3 are dismissed without prejudice, with leave to amend.

It is further ordered that Count 2 is dismissed with prejudice, as amendment would be futile.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///
///
///
///
///

It is further ordered that, if Plaintiff fails to file a timely amended complaint curing the stated deficiencies of the Complaint, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS 3rd day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE