UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS DYKES,<br><br>　　　Plaintiff<br><br>v.<br><br>NAPH CARE MEDICAL BILLING, et. al.,<br><br>　　　Defendants | Case No.: 3:20-cv-00312-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court recommends that this action be dismissed without prejudice, that the pending motion to dismiss be denied as moot, and that the case be administratively closed as a result of Plaintiff's failure to comply with Local Rule IA 3-1, which requires a party to immediately file with the court written notification of any change in contact information, or to otherwise continue to prosecute this action.

## I. BACKGROUND

When Plaintiff filed his complaint and first amended complaint (FAC) he was a detainee at the Washoe County Detention Facility. (ECF Nos. 4, 5.) The court screened the FAC and allowed Plaintiff to proceed with a Fourteenth Amendment claim alleging that the COVID-19 virus was introduced into the jail, but Washoe County maintained policies of not testing inmates and staff who could be infected, and not requiring such persons to wear masks, thereby exposing Plaintiff to a significant risk of ongoing harm. (ECF No. 6.)

Defendant Washoe County filed a motion to dismiss arguing that because Plaintiff was released from the jail (a fact it contends the court may take judicial notice of), his claim for injunctive relief of release from the facility is rendered moot, and his relief eliminates any risk of future harm. (ECF No. 10.) Defendants served their motion on Plaintiff at the Washoe County Detention Facility, and at his last known address of record. (*Id.* at 10.)

Plaintiff has not filed a response, and following his release from the jail, has not updated his contact information with the court or otherwise indicated an intention to continue to prosecute this action. The court has no information from Plaintiff as to whether there is a reasonable expectation that he may return to the jail and subject to the conditions which he claims exposed him to a substantial risk of harm; however, due to his failure to keep the court apprised of his address, or otherwise prosecute this action, the court recommends dismissal.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA 3-1 provides that a plaintiff must immediately file written notification of any change of address, and the failure to do so may result in dismissal of the action, default judgment or other sanction as deemed appropriate by the court.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit or apprise the court of his current address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff or any notification of his current address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Dismissal is also appropriate under Local Rule IA 3-1, which advises a litigant that a failure to keep the court apprised of his current address may result in dismissal of the action.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**; **DENYING** the pending Motion to Dismiss (ECF No. 10) as moot; and administratively **CLOSING** this case.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 29, 2021

_____
William G. Cobb
United States Magistrate Judge